# R. SUAREZ & COMPANY, S. en C., Bankrupt.

San Juan, Bankruptcy, No. 319.

BANKRUPTCY.

Taxation—Fraudulent Valuation Not Binding.

Where it plainly appears in a bankruptcy proceeding that the bankrupt for the purpose of bolstering his credit previous to the filing of the petition rendered to the tax authorities false reports as to his property, this constituted a fraud upon his creditors, and the taxing power is entitled only to such taxes as would be properly due upon a fair valuation.

Opinion filed May 24, 1922.

*Mr. H. R. Francis* for bankrupt.

ODLIN, Judge, delivered the following opinion:

In this case the treasurer of Porto Rico presented to the referee a claim for income taxes amounting to $1,941.60, which had been assessed upon an alleged income accrued to the bankrupt amounting to $33,703.32 as returned by the bankrupt on November 26, 1920, for the fiscal year ending June 30, 1920. And there was also filed a similar claim by the treasurer of Porto Rico for the sum of $1,783.04 based upon the alleged net income of the bankrupt amounting to $29,100.64 for the fiscal year ending June 30, 1919. And the treasurer of Porto Rico

R. Suarez & Co.

asks this court to review and to set aside the finding of the referee dated May 3, 1922, which finding was to the effect that the bankrupt had no actual income, and that therefore the claim of the treasurer of Porto Rico should be rejected.

It is conceded that the Bankruptcy Law provides that taxes shall be a first and prior claim, provided they are lawfully and justly due. It seems that persons in Porto Rico in failing circumstances have in some instances deliberately stated to the public authorities that they received a large net income, when, as a matter of fact, they had received little or no net income. The purpose of this fictitious and false representation to the taxing authorities was probably to bolster up a falling credit, and to continue business which was actually unprofitable. At all events, the report of the referee shows to my mind very satisfactorily that the income tax reports which had been made to the taxing authorities of Porto Rico by R. Suarez & Company, S. en C., the bankrupt firm, were false and fictitious, and, under the authorities of other Federal courts, it would be unjust to take from the actual bona fide creditors of the bankrupt all or any part of the proceeds of the bankrupt estate in order to pay to the public authorities taxes upon nonexistent assets. In other words, the courts have held that taxes of this nature are not lawfully and justly due within the meaning of the act of Congress. The referee specifically finds that R. Suarez & Company, S. en C., had no actual profit whatever in the fiscal year which ended June 30, 1919, nor in the fiscal year which ended June 30, 1920.

For the reasons above stated, the report of the referee in bankruptcy is hereby approved and confirmed; and the peti-

R. Suarez & Co.

tion filed by counsel for the treasurer of Porto Rico for a review is hereby denied.

It is so ordered.